PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JEAN MARC NKEN,

*Petitioner,*

v.

ERIC H. HOLDER, JR., Attorney
General,

*Respondent.*

No. 08-1813

On Petition for Review of an Order
of the Board of Immigration Appeals.

Argued: September 22, 2009

Decided: October 30, 2009

Before MOTZ and KING, Circuit Judges, and
Mark S. DAVIS, United States District Judge for the
Eastern District of Virginia,
sitting by designation.

Petition for review granted; vacated and remanded by pub-
lished opinion. Judge Motz wrote the opinion, in which Judge
King and Judge Davis joined.

## COUNSEL

**ARGUED**: Lindsay Claire Harrison, JENNER & BLOCK,
LLP, Washington, D.C., for Petitioner. Lindsay E. Williams,

UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Jared O. Freedman, JENNER & BLOCK, LLP, Washington, D.C., for Petitioner. Gregory G. Katsas, Assistant General Counsel, Civil Division, David V. Bernal, Assistant Director, Jennifer Paisner Williams, Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

Jean Marc Nken, a citizen of Cameroon, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. Because the BIA did not explain why Nken's new evidence failed to demonstrate a change of country conditions, we grant the petition and remand to the BIA for further proceedings.

### I.

In 2001, Nken applied for asylum, withholding of removal, and protection under the Convention Against Torture, alleging that he had suffered persecution in his home country of Cameroon and feared further persecution should he return. An immigration judge ("IJ") held a hearing on Nken's application, at which Nken testified. Highlighting inconsistencies in Nken's testimony, the IJ denied relief and ordered him deported to Cameroon. Nken appealed to the BIA, which remanded the case, noting that although the IJ apparently had relied on credibility judgments to justify her order, she had not made a specific adverse credibility finding. On remand in 2005, the IJ made such a finding, which, over a year later, the BIA affirmed.

Over the next two years, Nken filed two unsuccessful motions to reopen his removal proceedings. On May 7, 2008, Nken filed a third motion to reopen based on changed country conditions in Cameroon.* With his motion, Nken presented, for the first time (1) a handwritten letter, dated March 18, 2008, from his brother in Cameroon, describing the danger Nken would face if he returned there; (2) photographs of Nken at a political demonstration outside the Cameroon Embassy in Washington; and (3) news articles about increased authoritarianism in Cameroon.

The handwritten letter from Nken's brother, translated from French, includes the following statements in support of Nken's claim of changed country conditions in Cameroon:

> We wish you were here, but the recent events that have hit our country and the repressions which followed, pushed me to ask you not to come back home.
>
> . . .
>
> Even myself I was arrested and I was brought to the lake, where the gendarmes were listing all the students from the 1990s and those who were members of the demonstrations. I wouldn't be released if my name was on those lists. This is why *I am begging you not to come back to the country, because it is really dangerous for you being one of those with problems from the past.*
>
> . . .

---

*Generally, applicants can file only one motion to reopen, and must file that motion within ninety days of the BIA's final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (2006). However, the statute offers an exception for motions, like Nken's third motion, which allege conditions in the applicant's country have changed. *Id.* § 1229a(c)(7)(C)(ii).

> [M]ilitants like you and those who know a lot about the political problems from the past are the ones getting attention. Therefore, *there is no question that if you are coming in the country with any pretext your life will be in a real danger.*

(emphasis added).

The BIA denied Nken's motion to reopen. In its short order, the BIA noted the existence of the photos, the news articles, and the letter from Nken's brother, and then offered three paragraphs of analysis of this evidence. In two of those paragraphs, the BIA dismissed the photographs as immaterial and the news articles as unrelated to Nken's claim. The third paragraph reads in its entirety:

> On review, we find that the respondent has not presented sufficient facts or evidence to establish that his motion falls within the "changed country conditions" exception to the time limitation for motions to reopen set forth at section 240(c)(7)(C)(ii) of the Act. Notably, the respondent has failed to submit his own statement or asylum application articulating his persecution claim based on recent reports of civil unrest in Cameroon. The respondent's failure to set forth his asylum claim based on recent events in Cameroon is significant in this case where the Immigration Judge's adverse credibility determination remains undisturbed. Also, it is well established that tragic and widespread savage violence resulting from civil war or military strife is not persecution.

(citation omitted). The BIA then concluded, stating that "[t]he respondent's motion for reopening based on changed country conditions is denied."

Nken petitioned for review in this court and moved for a stay of removal pending the outcome of his appeal. Following

circuit precedent, *Teshome-Gebreegziabher v. Mukasey*, 528 F.3d 330 (4th Cir. 2008), we denied Nken's motion for a stay in an unpublished order. Nken then applied to the Supreme Court for a stay of removal pending resolution of his petition for review, and asked, alternatively, that the Court grant certiorari to resolve a circuit split as to the appropriate standard governing such stays. The Supreme Court granted certiorari and vacated our order, agreeing with Nken that the correct standard for obtaining a stay of removal is the "traditional" four-factor test that balances the applicant's likelihood of success on the merits, the injury to the applicant if the stay is denied, the injury to the government if the stay is granted, and the public interest. *Nken v. Holder*, 129 S. Ct. 1749, 1760-62 (2009). The Supreme Court remanded the case to us "for application of the traditional criteria." *Id.* at 1754.

At oral argument before us, the Government represented that it would not remove Nken from the country before the resolution of this appeal, including the entry of our mandate. This representation, Nken agrees, renders moot the question of whether the "traditional criteria" entitle Nken to a stay. Accordingly, the only issue remaining is whether we should grant Nken's petition for review of the BIA's denial of his motion to reopen.

## II.

## A.

Courts review the BIA's denial of a motion to reopen for abuse of discretion, and grant a petition for review only if the BIA decision is arbitrary, capricious, or contrary to law. *Massis v. Mukasey*, 549 F.3d 631, 636 (4th Cir. 2008). We give such BIA decisions "extreme deference." *Barry v. Gonzales*, 445 F.3d 741, 744 (4th Cir. 2006). Even so, as we recently explained, the BIA "abuses its discretion when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim." *Hussain v. Gonzales*,

477 F.3d 153, 155 (4th Cir. 2007) (internal quotation marks omitted).

### B.

In *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943), the Supreme Court established that "the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." The Court thus held that "an administrative order cannot be upheld unless the grounds upon which the agency acted . . . were those upon which its action can be sustained." *Id.* at 95.

In recent years, the Supreme Court has specifically applied the *Chenery* rule to petitions seeking review of BIA orders. Thus the Court has explained that when a BIA order does not demonstrate that the agency has considered an issue, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (internal quotation marks omitted). This is so because a "'judicial judgment cannot be made to do service for an administrative judgment.'" *Id.* (quoting *Chenery*, 318 U.S. at 88); *see also Gonzales v. Thomas*, 547 U.S. 183, 186–87 (2006) (holding that remand to the BIA is the appropriate remedy). As we recently explained in following *Chenery* to remand a similar case to the BIA for further proceedings, "we cannot review the BIA's decision [when] the BIA has given us nothing to review." *Li Fang Lin v. Mukasey*, 517 F.3d 685, 693–94 (4th Cir. 2008).

With these principles in mind, we turn to the case at hand.

### III.

In denying Nken's motion to reopen, the BIA held that Nken had "not presented sufficient facts or evidence to establish that his motion falls within the 'changed country conditions' exception." Although the BIA acknowledged receipt of

the new letter from Nken's brother, it offered no explanation as to why that letter—Nken's strongest new evidence—provided insufficient justification for reopening the proceedings.

The Government maintains that, given the IJ's previous adverse credibility determination, the BIA's acknowledgement of Nken's brother's letter provides a sufficient basis for us to affirm. That argument fails because although the BIA did mention the IJ's *2005* adverse credibility determination *as to Nken*, it did not tie that determination to the *2008* letter *from his brother*. Specifically, the BIA did not explain how the prior adverse credibility determination with respect to Nken himself rendered the recent letter from Nken's brother unbelievable. Nor did the BIA explain why its adverse credibility determination as to Nken means that the facts set forth in his brother's letter do not justify reopening the removal proceedings.

Of course, it is possible, as the Government argues, that the BIA thought the letter from Nken's brother unworthy of belief. But it is also possible, as Nken maintains, that the BIA arbitrarily refused to give the contents of that letter any weight, or that the BIA found the letter credible but misread it as including only general statements about unrest, and not particular threats to Nken. From the text of the BIA order, we simply do not know.

In such circumstances, a reviewing court must remand to the administrative agency. Established precedent dictates that a court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say. The Supreme Court established this rule in *Chenery*, and specifically applied it to BIA orders in *Ventura* and *Thomas*.

As we did in *Lin*, 517 F.3d at 693, our sister circuits have consistently followed this guidance and applied the *Chenery* rule in BIA cases similar to that at hand. *See, e.g.*, *Poradisova*

*v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) ("When an applicant moves to reopen his case based on worsened country conditions, and introduces previously unavailable reports that materially support his original application, the BIA has a duty to consider these reports and issue a reasoned decision based thereon, whether or not these reports are clearly determinative." (emphasis omitted)); *Vente v. Gonzales*, 415 F.3d 296, 302 (3d Cir. 2005) ("When deficiencies in the BIA's decision make it impossible for us to meaningfully review its decision, we must vacate that decision and remand so that the BIA can further explain its reasoning." (internal quotation marks omitted)); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("We think it goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner."); *Mengistu v. Ashcroft*, 355 F.3d 1044, 1047 (7th Cir. 2004) ("[A]s we tirelessly repeat, an agency opinion that fails to build a rational bridge between the record and the agency's legal conclusion cannot survive judicial review." (citation omitted)).

Accordingly, because it is not apparent from the BIA order that it considered the crux of Nken's argument, we grant Nken's petition for review and remand the case to the BIA for further proceedings.

*PETITION FOR REVIEW GRANTED;*
*VACATED AND REMANDED*