**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-1687**

---

EUNICE TYABO BANKOLE,

                Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: January 21, 2010      Decided: February 11, 2010

---

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petition dismissed in part; denied in part by unpublished per curiam opinion.

---

David Goren, Silver Spring, Maryland, for Petitioner. Tony West, Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Robbin K. Blaya, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eunice Tyabo Bankole, whose identity and citizenship are in dispute, petitions this court for review of an order from the Board of Immigration Appeals ("Board"), which dismissed her appeal of the Immigration Judge's ("IJ") order denying her motions to reopen proceedings and for reconsideration of the IJ's prior order denying her asylum, withholding of removal, and protection under the Convention Against Torture.

This court reviews the Board's denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2009); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Nken v. Holder, 585 F.3d 818, 821 (4th Cir. 2009). A denial of a motion to reopen must be reviewed "with extreme deference." Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). This court will reverse the denial of a motion to reopen only if the denial is "arbitrary, irrational, or contrary to law." Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 137 (2009).

Bankole first argues the IJ abused her discretion by failing to sua sponte reopen proceedings. However, we lack jurisdiction to review the discretionary refusal to sua sponte reopen proceedings. Mosere, 552 F.3d at 400-01. Accordingly, the petition for review of this claim is dismissed for lack of jurisdiction.

Bankole next asserts the IJ's denial of reopening for the admission of supplemental evidence was contrary to law. Pursuant to the governing regulations, such supplemental evidence must have been unavailable or undiscoverable at the time of the initial hearing. 8 C.F.R. § 1003.2(c)(1) (2009); see Barry, 445 F.3d at 747. After determining that Bankole possessed the evidence proffered with the motion to reopen at the time of the merits hearing, the IJ denied the motion. The Board affirmed this decision. Because neither decision was contrary to the law of this Circuit, Mosere, 552 F.3d at 400, we deny the petition for review as to this claim.

This court similarly reviews the denial of Bankole's motion for reconsideration for an abuse of discretion. Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). We will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law. Narine, 559 F.3d at 249.

A motion for reconsideration asserts that the Board made an error in its earlier decision. Jean, 435 F.3d at 482-83; Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005). Motions that simply repeat contentions that have already been rejected are insufficient to convince the Board to reconsider a previous decision. Ogundipe v. Mukasey, 541 F.3d 257, 263 (4th Cir. 2008).

Bankole argues the IJ and the Board abused their discretion in denying reconsideration of the order denying relief, because Bankole satisfied her burden of proof. However, given the procedural context of this petition for review, Bankole must demonstrate that the denial of reconsideration of the evidentiary issues was arbitrary, irrational, or contrary to law. Narine, 559 F.3d at 249. We have carefully reviewed the record and conclude that Bankole has failed to make the requisite showing. Accordingly, we deny the petition for review of this claim.

Finally, Bankole maintains the Board abused its discretion in affirming the denial of reconsideration of her claim that exceptional circumstances justified her untimely asylum application. However, we lack jurisdiction to consider this claim. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009) (holding that this court "lack[s] jurisdiction to review the immigration judge's discretionary determination, as affirmed by the [Board], that [an alien] had not demonstrated changed or extraordinary circumstances to excuse her untimely filing"), cert. denied, ___ S. Ct. ___, 2010 WL 58386 (U.S. Jan. 11, 2010) (No. 09-194); see also Jean, 435 F.3d at 480-81. Accordingly, we dismiss the petition for review as to this issue for lack of jurisdiction.

4

For these reasons, the petition for review is dismissed in part for lack of jurisdiction and denied in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART;</u>
<u>DENIED IN PART</u>