**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1813**

JEAN MARC NKEN,

                Petitioner,

       v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 26, 2010        Decided:  June 24, 2010

Before MOTZ and KING, Circuit Judges, and Mark S. DAVIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

Application for fees granted in part and denied in part by unpublished per curiam opinion.

Jared O. Freedman, Lindsay C. Harrison, JENNER & BLOCK, LLP, Washington, D.C., for Petitioner.  Gregory G. Katsas, Assistant General Counsel, Civil Division, David V. Bernal, Assistant Director, Jennifer Paisner Williams, Senior Litigation Counsel, Lindsay E. Williams, Trial Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After we granted Jean Marc Nken's petition for review of the Board of Immigration Appeals's ("BIA") order denying his motion to reopen his immigration proceedings, Nken submitted an application for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (2006). The facts that give rise to this fee dispute are set forth in our previous opinion. See Nken v. Holder, 585 F.3d 818 (4th Cir. 2009). For the reasons that follow, we grant Nken's application in part and deny it in part.

I.

Nken requests $246,951.70 in attorney's fees and $13,628.45 in other expenses under the EAJA. With regard to the fees, $200,631.83 (approximately 81 percent of the total fees) relate to litigation over his motion for a stay pending appeal, $39,517.79 (16 percent) relate to litigation over the petition for review, and $6802.08 (3 percent) relate to the preparation of the application for fees. With regard to the expenses, $10,150.79 (74.5 percent) relate to the motion for a stay, $3418.79 (25 percent) relate to the merits of the petition, and $58.87 (less than 1 percent) relate to the fee application. The Government does not dispute any of these calculations.

2

II.

The EAJA provides, in relevant part, that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  It is undisputed that Nken was a "prevailing party" and that he filed a complete, timely application for fees.  The Government argues, however, that its position was "substantially justified" and that "special circumstances" would make an award of fees and expenses related to litigation over the stay unjust.  We consider these contentions in turn.

A.

The Government bears the burden of showing that its position was "substantially justified."  See Hyatt v. Barnhart, 315 F.3d 239, 244 (4th Cir. 2002).  To do so, the Government must show that its position was "'justified to a degree that could satisfy a reasonable person,'" i.e., that it had a "'reasonable basis both in law and fact.'"  United States v. Cox, 575 F.3d 352, 355 (4th Cir. 2009) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

3

The Government argues that both its opposition to Nken's motion for a stay and its position with regard to the merits of his petition for review were substantially justified. The Supreme Court has held, however, that when determining whether "the position of the United States" was justified, a court does not separately consider every position the Government has taken, but instead makes one determination for the action as a whole. See INS v. Jean, 496 U.S. 154, 161-62 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA -- like other fee-shifting statutes -- favors treating a case as an inclusive whole, rather than as atomized line-items."). Therefore, we must first identify which position constitutes "the position of the United States" for EAJA purposes, and then determine whether that position was substantially justified.

Considering the "case as an inclusive whole," the merits of the BIA's denial of Nken's motion to reopen, together with the Government's defense of that order, clearly represent the dominant "position" for the purpose of determining the appropriateness of fees.[1] These issues constitute the substantive heart of this case. The motion for a stay, on the

---

[1] In cases involving judicial review of agency decisions, the Government must justify both the initial agency action (or inaction) and the Government's litigating position in defense of that action (or inaction). See 21 U.S.C. § 2412(d)(2)(D).

4

other hand, is a procedural maneuver that is in every way peripheral to the merits. Indeed, "[t]he whole idea [of a stay] is to hold the matter under review in abeyance because the appellate court lacks sufficient time to decide the merits." Nken v. Holder, 129 S. Ct. 1749, 1760 (2009) (emphasis added).

Having identified "the position of the United States,"[2] the next question is whether that position was "substantially justified." After remand from the Supreme Court, we concluded that the BIA denied Nken's motion to reopen without even considering Nken's most important new evidence (his brother's letter). Nken, 585 F.3d at 822. We reversed and remanded because the agency's decision was at odds with clearly established law, and therefore was not substantially justified.

---

[2] Relying on Gatimi v. Holder, __ F.3d __ (7th Cir. 2010), available at 2010 WL 1948351, the Government unpersuasively argues that the "position of the United States" refers to the Government's opposition to Nken's motion for a stay because the fees relating to that issue constitute the majority of the fees that Nken is requesting. But Gatimi does not hold that a peripheral issue like a stay can overtake or somehow become the merits of a dispute simply because the parties spent more time litigating the stay. In Gatimi, the Government attacked the merits of the petitioner's claim on two grounds. The Seventh Circuit found the Government's position substantially justified on the "more prominent" ground and so denied fees. Id. at *5. Here, the Government does not present multiple attacks on the merits of Nken's claim; rather the Government's sole attack on the merits is that Nken failed to present sufficient evidence to support his claim of persecution. The Government's other argument, that Nken did not deserve a stay, does not constitute an attack on the merits, but simply responds to Nken's motion to prevent his removal pending the resolution of the merits.

See id. at 823. The Government argued on appeal that the BIA was entitled to deference. But we found no justification for that view given our settled precedents holding that unless the agency offers some reason for its action, it provides nothing to which we may defer. See id. at 822 (citing SEC v. Chenery Corp., 318 U.S. 80 (1943); Li Fang Lin v. Mukasey, 517 F.3d 685 (4th Cir. 2008)). Because the position of the United States had no reasonable basis in law or in fact, it was not substantially justified. Thus, Nken has cleared this "threshold for fee eligibility." Jean, 496 U.S. at 160.

B.

The above facts establish that Nken is entitled to some attorney's fees and expenses. The Government argues, however, that "special circumstances" render an award of fees related to the litigation over Nken's motion for a stay "unjust." We agree.

Consistent with the discretion afforded the court by the plain language of the statute, the legislative history of the EAJA recognizes that the "special circumstances" clause can serve two purposes. Specifically,

> [t]his 'safety valve' helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

6

H.R. Rep. No. 96-1418, at 11 (1980).

An award of fees related to Nken's motion for a stay would punish the Government for advancing a plausible legal argument in good faith. When the Government first opposed Nken's motion for a stay before this court, it did so on the basis of established Fourth Circuit precedent, and it prevailed. In the Supreme Court, the Government defended our precedent and lost. See Nken, 129 S. Ct. at 1754, 1762. On remand, the Government agreed not to deport Nken before we issued our mandate, rendering moot the issue of a stay. See Nken, 585 F.3d at 821. The Government thus pressed its position only as long as controlling law clearly supported it, and a fee award relating to that portion of the litigation would therefore not serve the purposes of the EAJA. Exercising our equitable discretion, we refuse to award Nken fees and expenses related to the litigation over his motion for a stay pending appeal.

## III.

For these reasons, we grant Nken's application as it relates to fees and expenses incurred in litigation on the merits of his petition for review, and in preparing the application for fees. We deny his application as it relates to fees and expenses arising out of litigation over the motion for

7

a stay.  Thus, we award Nken a total of $46,319.87 in attorney's fees, and $3477.66 in expenses.

APPLICATION GRANTED IN PART AND DENIED IN PART