UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-1851**

---

ROBERTO SILVA RAMOS,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  January 27, 2012     Decided:  February 21, 2012

---

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Janeen Hicks Pierre, KUCK IMMIGRATION PARTNERS, LLC, Charlotte, North Carolina, for Petitioner. Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Nicole J. Thomas-Dorris, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Silva Ramos, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his motion to reopen. We deny the petition for review.

After Ramos did not appear for a Master Calendar hearing, the immigration judge found Ramos received notice of the hearing, that Ramos was notified as to the time, date and location of the hearing, and that he was also notified that the failure to appear could result in the issuance of a removal order. The immigration judge further found that the Department of Homeland Security provided documentary evidence establishing Ramos' removability. Accordingly, the immigration judge ordered that Ramos be removed to Mexico. Ramos filed a motion to reopen claiming he did not receive notice of the hearing. Ramos' counsel, however, acknowledged that she received notice of the hearing.

The immigration judge denied the motion to reopen noting that service on the respondent's counsel of record constitutes proper service of the notice. Thus, because service was proper, Ramos received notice of the hearing. The Board dismissed Ramos' appeal, agreeing with the immigration judge

2

that notice to the counsel of record constitutes notice to the respondent. The Board further noted that to the extent counsel claimed she was only representing Ramos for the bond hearing, there are no limited appearances in immigration proceedings.

The court reviews the denial of a motion to reopen for abuse of discretion, granting a petition for review only if the Board decision is arbitrary, capricious, or contrary to law. Nken v. Holder, 585 F.3d 818, 821 (4th Cir. 2009). The court gives Board decisions denying motions to reopen "'extreme deference.'" Id. (quoting Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006)). "The [Board's] denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Barry, 445 F.3d at 744-45 (internal quotation marks and alteration omitted).

When a person fails to appear for a removal hearing after having received written notice of the hearing, the immigration judge shall order that person removed in absentia if the Government establishes that the person is removable. 8 U.S.C. § 1229a(b)(5) (2006). Written notice of the time and place of the hearing is proper if given "in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if

3

any)[.]"  8 U.S.C. § 1229(a)(1) (2006).  Accordingly, the Government can establish proper notice by demonstrating that written notice of the time and place of proceedings, and of the consequences of a failure to appear, "were provided to the alien or the alien's counsel of record."  8 C.F.R. § 1003.26(c)(2) (2011).

The removal order may be rescinded by way of a motion to reopen filed within 180 days after the date of the removal order if the alien establishes exceptional circumstances.  8 U.S.C.  § 1229a(b)(5)(C)(i)  (2006).  The term "exceptional circumstances refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien."  8 U.S.C. § 1229a(e) (2011).

A motion to reopen seeking rescission of the in absentia removal order may be filed at any time if the alien demonstrates that he "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)[.]"  8 U.S.C. § 1229a(b)(5)(C)(ii).  Under 8 U.S.C. § 1229(a), notice of the hearing may be served upon the alien's counsel of record.

In  this  instance,  there  were  no  exceptional circumstances.  Ramos asserted that he did not receive notice of

4

the hearing. However, Ramos' counsel conceded she received proper notice of the Master Calendar hearing from the immigration court. Proper notice served on Ramos' counsel is proper notice to Ramos of the date, time and place of the hearing. See Vaz Dos Reis v. Holder, 606 F.3d 1, 5 (1st Cir. 2010) ("notice" and "knowledge" are not the same and notice served on counsel of record is sufficient to give alien notice of the hearing); see also Scorteanu v. INS, 339 F.3d 407, 412 (6th Cir. 2003) (collecting cases); Garcia v. INS, 222 F.3d 1208, 1209-10 (9th Cir. 2000).

Counsel now asserts that the notice was not proper because she was only representing Ramos for the bond hearing. However, counsel's notice of appearance clearly informed her that a limited appearance is not permitted unless authorized by the immigration judge and that counsel is not permitted to withdraw unless permission is granted from the immigration judge. We also note that Ramos took personal service of the notice to appear in which he was informed of his obligation to provide a mailing address and telephone number and of the consequences if he failed to appear.

Because counsel acknowledged receipt of the notice of the hearing and Ramos did not show exceptional circumstances, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented

5

in the materials before the court and argument would not aid the decisional process.

PETITION DENIED