**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1776**

INDRA GURUNG,

    Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 27, 2012   Decided: January 24, 2013

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Khagendra Gharti-Chhetry, New York, New York, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Anthony W. Norwood, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Indra Gurung, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' order denying her motion to reopen.* Gurung claims she established changed country conditions that make her eligible for relief from removal. We deny the petition for review.

Gurung had thirty days from the date of the final order from which to file a timely petition for review. See 8 U.S.C. § 1252(b)(1) (2006). Because the petition was filed June 20, 2012, it is only timely filed as to the May 24, 2012 order denying reopening. The thirty day time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). It is "not subject to equitable tolling." Id. Thus, this Court does not have jurisdiction to review the Board's February 23, 2012 order finding no clear error with the adverse credibility finding and dismissing Gurung's appeal from the immigration judge's order.

This court reviews the denial of a motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009);

---

* The Board also construed Gurung's motion as a motion for reconsideration and denied it as untimely. Gurung does not challenge that finding.

see also 8 C.F.R. § 1003.2(a) (2012). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted).

To establish changed country conditions, the applicant must present evidence that "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii). Furthermore, "[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). In addition to identifying the previously unavailable evidence, an applicant seeking to establish changed country conditions must demonstrate her prima facie eligibility for asylum, that is, she must demonstrate that the new evidence would likely alter the result of his case. See INS v. Abudu, 485 U.S. 94, 104-05 (1988); Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998).

We conclude that the Board did not abuse its discretion denying the motion to reopen. Gurung's new evidence in support of her claim that country conditions had changed did

not address the adverse credibility finding. Thus, even if country conditions had changed, Gurung failed to address the finding that her claim that she was targeted by Maoists was not credible.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4