# Matter of F-S-N-, Respondent

*Decided June 12, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

To prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the respondent must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible.

FOR RESPONDENT: Celestine Tatung, Esquire, Largo, Maryland

BEFORE: Board Panel: MALPHRUS and HUNSUCKER, Appellate Immigration Judges; GEMOETS, Temporary Appellate Immigration Judge.

GEMOETS, Temporary Appellate Immigration Judge:

This case was last before us on August 4, 2017, when we dismissed the respondent's appeal from an Immigration Judge's December 5, 2016, decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The respondent has filed a motion to reopen the proceedings. The motion will be denied.[1]

In his decision, the Immigration Judge determined that the respondent, a native and citizen of Cameroon, had not presented credible evidence to establish the factual basis for her persecution claim. His adverse credibility finding was based on significant inconsistencies, omissions, and contradictions in the respondent's testimony and evidence, pursuant to section 208(b)(1)(B)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1)(B)(iii) (2018). The Immigration Judge also found that the respondent did not provide reasonably available evidence to support her claim, because the testimony she gave regarding the severity of her physical mistreatment was not corroborated by her credible fear interview and prior statements, her medical records, or third party affidavits. Her claim to have been in hiding was directly contradicted by other evidence in the record.

---

[1]   Given our disposition of the motion, we need not address the respondent's stay request.

In regard to the respondent's assertion that Cameroonian Government officials perceived her to be a member of an anti-government group and would arrest and indefinitely detain her, the Immigration Judge found the claim implausible based on the evidence presented. Finally, he accorded diminished weight to the affidavits submitted by the respondent's family, friends, and medical provider, observing that their statements lacked detail and were, in part, inconsistent with the respondent's statements.

We concluded that these relevant factors pertained to the underlying elements of the respondent's claim and supported the Immigration Judge's adverse credibility finding. *See Matter of J-Y-C-*, 24 I&N Dec. 260, 266 (BIA 2007). Consequently, we affirmed the Immigration Judge's decision in a final administrative order that the respondent did not appeal.

The respondent seeks to reopen her proceedings to pursue a persecution claim based on changed personal circumstances and country conditions in Cameroon. The factual basis for her alleged fear is essentially the same as her previous claim before the Immigration Judge, namely, that Government officials have associated her with the Anglophone Nationalist Movement, which she identified as the "SCNC."[2] She now also asserts that a cousin who resembles her was arrested in July 2019 based on the mistaken assumption that the respondent had been removed from the United States and had returned to Cameroon. In support of her motion, the respondent has submitted undated affidavits from her mother, grandmother, a cousin, and two of her mother's neighbors, along with an arrest warrant, a search notice, and a letter from an attorney in Cameroon. She also provided 2017 and 2018 general background country conditions reports and November 2017 news articles, but the country information does not specifically refer to her.

Generally, an alien requesting reopening of removal proceedings must file a motion to reopen within 90 days of the date of a final administrative order of removal. Section 240(c)(7)(C)(i) of the Act, 8 U.S.C. § 1229a(c)(7)(C)(i) (2018); C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1) (2020). This time limitation does not apply to a motion to reopen seeking to pursue asylum or withholding of removal based on changed circumstances arising in the country of nationality, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing. Section 240(c)(7)(C)(ii) of the Act; 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i); *see also Wanrong Lin v. Holder*, 771 F.3d 177, 182 (4th Cir. 2014). A party seeking to reopen removal proceedings must state the new facts that he or she intends to establish, supported by affidavits or other evidentiary material. Section 240(c)(7)(B) of the Act; 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3).

---

[2]   We note that SCNC is the abbreviation for the Southern Cameroons National Council. *See Djadjou v. Holder*, 662 F.3d 265, 268 (4th Cir. 2011).

The evidence presented with a motion to reopen must also establish prima facie eligibility for the relief. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); *Onyeme v. INS*, 146 F.3d 227, 234 (4th Cir. 1998); *Matter of J-G-*, 26 I&N Dec. 161, 169 (BIA 2013). The respondent has a "heavy burden" to prove that if the proceedings are reopened with all the attendant delays, the new evidence offered would likely change the result in the case. *INS v. Abudu*, 485 U.S. 94, 110 (1988); *see also Matter of Coelho*, 20 I&N Dec. 464, 473 (BIA 1992). We consider the respondent's motion by comparing the evidence of current country conditions with those that existed at the time of her merits hearing. *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007).

Moreover, to prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the respondent must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible. *See Zhang v. Mukasey*, 543 F.3d 851, 855 (6th Cir. 2008) (finding that the alien "did not carry her 'heavy burden' of demonstrating a prima facie case for relief" where she "made no attempt . . . to rehabilitate her credibility"); *see also Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) ("[A]n applicant may prevail . . . despite an [Immigration Judge's] adverse credibility ruling . . . , *so long as the factual predicate of the applicant's claim . . . is independent of the testimony that the* [*Immigration Judge*] *found not to be credible*.").[3] Only then is it necessary to consider whether the respondent can make a prima facie showing that she is eligible for the requested relief based on changed country conditions. *See Slyusar v. Barr*, 787 F. App'x 309, 314 (6th Cir. 2019) (stating that "the Board was within its discretion to deny reopening where 'the factual predicate' of the petitioner's motion to reopen was not 'independent of the testimony' already found unbelievable by an immigration judge" (citation omitted)); *Ngede v. Att'y Gen of U.S.*, 764 F. App'x 245, 248 (3d Cir. 2019) (per curiam) (citing *Zhang*, 543 F.3d at 855, as stating that the Board "may reasonably expect an alien who is proceeding on reopening with the same theory of persecution to attempt to rehabilitate his credibility" and upholding our denial of a motion that did not "remedy the [Immigration Judge's] conclusion that [the alien] failed to provide a credible account of the harm he experienced as a SCNC member").

---

[3]  To rehabilitate a claim that was denied based on an adverse credibility finding, a respondent must present previously unavailable evidence that is independent of the prior claim or refutes the validity and finality of the credibility determination in the prior proceeding. This is a particularly heavy burden in the context of an untimely motion, given the strong public interest in the finality of immigration proceedings. *See Abudu*, 485 U.S. at 110–11; *see also, e.g.*, *Heredia v. Sessions*, 865 F.3d 60, 65 (2d Cir. 2017); *Sadhavani v. Holder*, 596 F.3d 180, 182 (4th Cir. 2009).

In this regard, the United States Court of Appeals for the Fourth Circuit, in whose jurisdiction this matter arises, affirmed the denial of an alien's motion to reopen where the "new evidence in support of her claim that country conditions had changed did not address the adverse credibility finding" previously made by the Immigration Judge. *Gurung v. Holder*, 506 F. App'x 219, 220 (4th Cir. 2013) (per curiam). The court emphasized that "even if country conditions had changed, [the alien] failed to address the finding that her claim . . . was not credible." *Id.*; *see also Zhang*, 543 F.3d at 855 (upholding our decision to deny reopening when we "declin[ed] to credit a letter from [the alien's] best friend without corroboration" after she made no effort to counter the Immigration Judge's finding that she was "not credible and her documents [were] fraudulent").

Previously, however, the Fourth Circuit remanded a case involving a motion to reopen based on changed country conditions where the Immigration Judge made an adverse credibility finding in the proceedings below, holding that the Board failed to explain why reopening was unjustified based on newly submitted evidence, which we "did not tie" to the prior credibility issues. *Nken v. Holder*, 585 F.3d 818, 822 (4th Cir. 2009). Thus, if newly submitted evidence is based on information independent of the prior adverse credibility finding, it must be addressed.

But where such evidence is contingent, in part or in whole, on factors that were determined to lack credibility and have not been rehabilitated, the respondent's ability to successfully establish prima facie eligibility may be undermined. *See Wanrong Lin*, 771 F.3d at 185 (upholding the denial of the alien's second motion to reopen based on alleged changed country conditions where the Board had "catalogued [the] submissions, both old and new, evaluated the evidence of record," much of which had previously been found insufficient to warrant reopening, and "explained why the evidence did not meet [the alien's] heavy burden"); *see also Dieng v. Barr*, 947 F.3d 956, 961–63 (6th Cir. 2020) (noting that "the Board has 'broad discretion' to weigh the credibility of the proffered evidence on a motion to reopen," which will be upheld "[s]o long as the [Board] adequately indicates its finding that new evidence was inherently unbelievable" (citation omitted)).

In her motion to reopen, the respondent alleges factual circumstances that were previously determined to lack credibility, but she has not addressed the Immigration Judge's adverse credibility finding. *See Slyusar*, 787 F. App'x at 314 (noting that the alien "has not rehabilitated her credibility, yet she depends on her prior incredible testimony" in seeking reopening). Although the motion is supported by additional allegations, it has a substantially similar factual basis and is, in essence, a continuation of the respondent's previously discredited claims. *See generally Matter of M-A-F-*, 26 I&N Dec. 651, 655 (BIA 2015) (explaining that a second or subsequent asylum

application is considered to be a "new" one where it is "predicated on a new or substantially different factual basis"). Thus, the respondent's newly raised claim is not independent of her prior one but merely supplements it, "intertwin[ing] the new with the old." *Slyusar*, 787 F. App'x at 314.

For example, the respondent continues to allege that Government officials seek to cause her harm because of their belief that she participated in anti-government protests and is a member of the SCNC. However, the new evidence she submitted is not sufficiently persuasive to independently establish a valid claim of persecution or to rehabilitate her credibility, which the Immigration Judge previously found she lacked, based, in part, on the absence of detail and specificity in her testimony and in the written statements she provided to support her claims.

The evidence the respondent has presented in support of her motion similarly lacks specificity and detail. Her written statements and those of her family and neighbors are undated and make only generalized references to the mistreatment alleged, without providing sufficient explanation to give a full understanding of the respondent's claimed circumstances. While these statements assert that the respondent's cousin was detained and mistreated, they fail to describe the nature of the harm inflicted. In any case, they are of limited value in establishing the respondent's prima facie eligibility for relief. *See Djadjou v. Holder*, 662 F.3d 265, 276 (4th Cir. 2011) (recognizing that letters and affidavits from family and friends are not objective corroborating evidence and are therefore not required to be considered by Immigration Judges and the Board); *Matter of H-L-H-& Z-Y-Z-*, 25 I&N Dec. 209, 215 (BIA 2010) (observing that limited weight may be given to letters from family and friends who "are interested witnesses [and are] not subject to cross-examination"), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 134–35 (2d Cir. 2012).

The respondent has also not presented evidence to rehabilitate her claim of a perceived membership in the SCNC or to indicate that she was accused of associating with the SCNC subsequent to her removal proceedings. Although the respondent has alleged that her cousin was mistaken for her and detained by law enforcement officials, the corroborating evidence does not speak to the respondent's claim that she was perceived to be associated with the SCNC, which the Immigration Judge found to be not credible. The respondent's failure to rehabilitate the credibility of her previous claim makes her statements that she is still pursued by law enforcement officials several years after her departure from Cameroon less believable.

Additionally, although the respondent has presented an arrest warrant on appeal, it states that she failed to appear for a summons that was issued in December 2014 and makes no reference to her perceived continued participation with the SCNC. These factors diminish the veracity and

reliability of the newly submitted evidence. As a result, the respondent's claims of worsened country conditions are not sufficiently independent of those previously found to be not credible so as to warrant a conclusion that her credibility has been rehabilitated. *See Nken*, 585 F.3d at 822 (stating that a prior adverse credibility determination must be tied to newly submitted evidence if it serves as the basis for denying a motion to reopen).

In any case, the respondent has not established changed circumstances that warrant an exception to the filing deadline. She alleges that conditions in Cameroon are now different from those at the time of her 2016 hearing, citing the country conditions reports she submitted from 2017 and 2018. However, the evidence indicates that unrest has continued since 2016 and that conditions have not materially deteriorated in the relatively short period of time since her hearing. These general allegations, without more, do not establish a material change in country conditions sufficient to excuse her untimely motion. *See Matter of S-Y-G-*, 24 I&N Dec. at 252. The absence of materially changed country conditions is a separate and independent basis to deny the motion to reopen. *See* section 240(c)(7)(C)(ii) of the Act; *Matter of C-W-L-*, 24 I&N Dec. 346, 354 (BIA 2007) (denying an untimely motion seeking asylum in the absence of changed country conditions).

For these reasons, we conclude that the respondent has not rehabilitated her credibility or presented a claim independent of her previous evidence or established changed country conditions, and thus she has not made a prima facie showing of eligibility for relief to warrant reopening of the proceedings. Accordingly, her motion to reopen will be denied. *See Zhang*, 543 F.3d at 855.

**ORDER:** The motion to reopen is denied.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $799 for each day the respondent is in violation. *See* Section 274D of the Act, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2020).