OPINION
NIEMEYER, Circuit Judge:
The plaintiffs in these three cases prevailed in district court on their appeals from the Social Security Administration’s denial of their claims for disability benefits, and then, as prevailing parties, filed motions under the Equal Access to Justice Act (“EAJA”), 28 U.S.C. § 2412(d), for “fees and other expenses.” In the motions, the plaintiffs sought reimbursement for the attorneys fees of Paul T. McChesney, a South Carolina attorney, as well as the attorneys fees of two out-of-state attorneys, who assisted McChesney in writing the briefs and other pleadings submitted to the district court.
While the district court granted the motions for the fees charged by McChesney, it denied the motion for the fees charged by the out-of-state attorneys because they were not licensed to practice law in the District of South Carolina and were not admitted pro hac vice in these cases. Dis *413 triet of South Carolina Local Civil Rule 83.1.05 authorizes pro hac vice admission of out-of-state attorneys “for occasional appearances,” but not as a “substitute for regular admission to the Bar of this Court.” The out-of-state attorneys, whom McChesney hired to work on the briefs in these cases, had also provided him with similar assistance in dozens of earlier cases. Their work was generally responsible for between 75% and 85% of the fees for which McChesney’s clients sought reimbursement under the EAJA. The district court concluded that the out-of-state attorneys’ lack of licensure was a “special circumstance” that made reimbursement of their fees “unjust” under the EAJA. See 28 U.S.C. § 2412(d)(1)(A).
On appeal, the plaintiffs contend that MeChesney’s retention of out-of-state attorneys for assistance in brief writing did not preclude reimbursement for their fees under the EAJA, nor did it violate the District of South Carolina’s local rules, and therefore, they argue, there were no “special circumstances” to justify denial of the out-of-state attorneys fees.
Even though the District of South Carolina appropriately regulates the practice of law in its court, we conclude that the use of nonadmitted lawyers for brief writing services does not present a “special circumstance” sufficient to deny a fee award as “unjust” under the EAJA. Accordingly, we vacate and remand these cases for reconsideration of the fee applications.
I
Andria Priestley, Barbara Peter, and Zella Davis filed claims for disability benefits with the Social Security Administration, and the Social Security Administration denied each of the claims. These plaintiffs appealed to the district court, successfully challenging the agency’s rulings. As prevailing parties, they then filed motions for fees and expenses under the EAJA. Priestly sought reimbursement of $6,661.57; Peter, of $6,083.52; and Davis, of $8,639.62. Supporting the motions, the plaintiffs included the affidavit of their attorney, Paul T. McChesney, as well as the affidavits of out-of-state attorneys Charles L. Martin and Perrie H. Naides, or, in one case, Martin and paralegal David Tillett, who assisted McChesney in drafting briefs and pleadings for McChesney’s review and filing. In the motions, the plaintiffs indicated that the time spent by McChesney accounted for roughly 15% to 25% of the time for which fees were claimed, and the time spent by Martin, Naides, and Tillett accounted for the remainder.
Although McChesney was a South Carolina attorney, admitted to practice law in both the State courts and in the district court, Martin and Naides were not admitted in the State, nor in the district court. Martin, a Georgia lawyer, and Naides, a Pennsylvania lawyer, practice their specialty of briefing Social Security appeals through their firm, Martin and Jones, in Decatur, Georgia. McChesney retained Martin and Naides because of their expertise, and these attorneys assisted McChesney by providing him with research and drafts of briefs and other filings. Martin and Naides never spoke with McChesney’s clients, nor with opposing counsel. They limited their involvement to submitting, in draft form, briefs and papers, which McChesney then reviewed, edited, signed, and filed with the court. Martin was occasionally listed on filed documents as “attorney for plaintiff’ or “on the brief,” and on some of the papers filed, his name was accompanied by an electronic signature. Also, in his affidavits supporting the plaintiffs’ applications for fees, Martin stated that he served as “counsel for the plaintiff,” while Naides’ affidavits stated that *414 she “provided legal services in support of the representation.”
Martin and Naides were not admitted to the South Carolina State bar and therefore did not qualify for admission to the bar of the district court. They also suggest that they did not qualify for pro hac vice admission because they associated with McChesney too regularly to satisfy the “occasional appearance” requirement. McChesney engaged Martin in dozens of cases over the years since at least 2003.
The Commissioner of Social Security opposed the plaintiffs’ motions for fees and other expenses, arguing that because Martin and Naides were neither licensed in South Carolina, nor admitted pro hac vice, they had engaged in the unauthorized practice of law when assisting in these cases. The Commissioner claimed that the plaintiffs should not be reimbursed for their work at all, or, alternatively, that reimbursement be only at a reduced rate.*
By separate orders entered in each of the cases before us, the district court granted the motions for attorneys fees to the extent that the plaintiff sought reimbursement for work performed by McChesney, but denied them with respect to reimbursement for work performed by Martin and Naides because they had not been admitted to practice in the District of South Carolina, either permanently or pro hac vice. In Davis, No. 10-1176, however, the court did grant the motion for fees for work performed by Tillett at a lower “paralegal rate” and also reduced the rate at which McChesney was compensated during his travel time. In support of its orders, the court explained that Martin had a long history of assisting McChesney with Social Security appeals and had previously been warned by other judges in South Carolina to gain admission under the court’s local rules, in one form or other, before continuing that work. Martin’s violations, the court found, contravened the public policy in favor of attorney licensure and thus presented the “special circumstance” in 28 U.S.C. § 2412(d)(1)(A) that would render fee awards for his and Naides’ work “unjust.”
From the district court’s orders, which denied, for the most part, their motions for reimbursement of fees and expenses, Priestly, Peter, and Davis filed these appeals, which we consolidated by order dated March 23, 2010.
II
For their main argument, the plaintiffs contend that the district court erred by invoking the EAJA’s “special circumstances” exception to deny reimbursement for work performed by the out-of-state attorneys Martin and Naides. They argue that the out-of-state attorneys’ work in assisting McChesney did not violate any local rule of the district court and that there is no public policy against a South Carolina attorney hiring out-of-state contract attorneys to assist him in writing *415 briefs. They point to the district court’s local rule, which provides that parties in the district “must be represented by at least one member of the Bar of this Court who shall sign each pleading, motion, discovery procedure, or other document served or filed in this Court,” D.S.C. Civ. R. 83.1.04 (emphasis added), asserting that the local rule’s requirement was fulfilled by McChesney, who represented each of the plaintiffs and signed all of the papers filed in court on behalf of each. They argue that their out-of-state attorneys simply drafted briefs for their locally admitted attorney to review, edit, sign, and file and that this involvement did not violate the district court’s local rules.
In further support of their argument, they claim that the district court has a “long history of allowing the arrangement involved here in light of the full disclosure that has always been provided, and awarding fees for all the attorneys involved [and] ... that the district court below itself never before interpreted its own rules to prohibit lawyers in one kind of case from hiring out-of-state lawyers to draft briefs — while permitting them to hire out-of-state paralegals.”
The Commissioner argues that the district court reasonably applied the EAJA when it concluded that plaintiffs used a “hybrid form of representation” to circumvent the district court’s local rules, and that such use of attorneys provided a special circumstance to render an award of fees for the out-of-state attorneys’ work unjust.
In resolving the issue, we begin with an analysis of the EAJA’s requirements. The EAJA provides that a district court “shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action” against the United States “unless the court finds that the position of the United States was substantially justified or that special circumstances make an award, unjust.” 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The term “fees and other expenses” is defined to include:
reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party’s case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)
28 U.S.C. § 2412(d)(2)(A).
Congress designed the exceptions to the mandatory award of fees and expenses to prevailing parties as a “safety valve” that would “insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of law that often underlie vigorous enforcement efforts” and that would provide district courts with “discretion to deny awards where equitable considerations dictate an award should not be made.” Nken v. Holder, 385 Fed. Appx. 299, 302 (4th Cir.2010) (quoting H.R.Rep. No. 96-1418, at 11, 1980 U.S.C.C.A.N. 4984, 4990 (1980)). We thus review the district court’s grant or denial of reimbursement for attorneys fees for abuse of discretion. See Pierce v. Underwood, 487 U.S. 552, 571, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). We will find such abuse if the district court applied “mistaken legal principles” or made “clearly erroneous factual findings.” People for the *416 Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 370 (4th Cir.2001).
The broad definition of “fees and other expenses” in the EAJA indicates, without much doubt, that Congress intended to award a wide range of fees and expenses to the prevailing party in litigation with the government, unless one of the exceptions applies. Thus, the EAJA authorizes the reimbursement of fees for persons conducting studies, doing analyses, or issuing reports, as well as for attorneys fees. And consistent with this manifested intent, we have held that the statute’s authorization for reimbursement of attorneys fees includes authorization for reimbursement for work performed not only by attorneys but also by persons doing “tasks traditionally performed by an attorney and for which the attorney would customarily charge the client,” regardless of whether a licensed attorney, paralegal, or law clerk performed them. Hyatt v. Barnhart, 315 F.3d 239, 255 (4th Cir. 2002); see also Richlin Sec. Serv. Co. v. Chertojf, 553 U.S. 571, 581, 128 S.Ct. 2007, 170 L.Ed.2d 960 (2008) (holding that the term “attorneys fees” includes “fees for paralegal services”).
Accordingly, we have little difficulty in concluding that the EAJA authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not. We therefore conclude that the EAJA authorizes reimbursement for work of the type performed by Martin and Naides in assisting McChesney with brief writing and related tasks.
In denying reimbursement for the work performed by Martin and Naides, the district court relied in essence on their failure to be admitted under the local rules as attorneys in the District of South Carolina or under the local rules’ pro hac vice provisions, concluding that because these attorneys were performing legal services in South Carolina on a regular basis and therefore were engaged in the unauthorized practice of law, a fee award to them would be unjust.
In relying on this reasoning, we believe that the district court improperly linked the requirements for the practice of law in the district court with the requirements of the EAJA, thus limiting the scope of fees that the EAJA otherwise authorizes. And in doing this, the court ended up effectively sanctioning out-of-state attorneys for purported violations of its local rules by denying reimbursement for their fees under the EAJA. We conclude that the issues should not be so mixed, at least in the circumstances of this case, as they actually are separate matters.
The district court was, of course, rightfully concerned about the unauthorized practice of law in its court, and it has the authority to regulate that through local rules and an array of appropriate sanctions. We need not determine, however, whether Martin and Naides violated any local rules or, if they did, what the appropriate sanctions would be, because the violation in question, if any, was so attenuated and technical that it would not affect the plaintiffs’ claims for fee awards under the EAJA, which does not condition eligibility for reimbursement on whether an attorney is admitted.
The violation hypothesized by the dissent and found by the district court would presumably require a showing that Martin and Naides “appeared” in the district court without court authorization or licensure in the District of South Carolina, such that their work constituted the unauthorized practice of law. In support of this view, the dissent relies on Black’s Law Dictionary, which defines “[ajppearance by at *417 torney” as “[a]n act of an attorney in prosecuting an action on behalf of his client. Document filed in court in which attorney sets forth fact that he is representing a party to the action.” Post, at 40 (quoting Black’s Law Dictionary 97 (6th ed.1990)). The dissent reasons that Martin and Naides “appeared” below by virtue of language in various briefs and papers indicating that they were “attorney[s] for plaintiff’ or “[o]n the brief,” and thus became ineligible for reimbursement by operation of the equitable doctrine of “unclean hands.” Post, at 25-32.
Yet the record strongly suggests that Martin and Naides did not “appear” before the district court. Indeed, their role was quite limited. Martin and Naides never physically appeared in court or before the judge; they never filed a brief or paper in the court; they never communicated with opposing counsel; they never even communicated with the plaintiffs; their work agreement was with McChesney, a member of the district court bar, and not with the plaintiffs; and they prepared only drafts of briefs and papers which they then submitted to McChesney for editing, signing, and filing with the court. Even though them names were sometimes included on briefs as attorneys for the plaintiffs and they stated in their EAJA affidavits that they were attorneys for plaintiffs, the nature of their brief-writing function in supporting McChesney never changed. See, e.g., Dietrich Corp. v. King Res. Co., 596 F.2d 422 (10th Cir.1979). Indeed, McChesney could just as well have retained an English professor or law professor to assist him in writing briefs and submitted those charges as paralegal type fees, with a legitimate expectation that his clients would receive reimbursement.
In Dietrich, two Colorado law firms retained a law professor at the University of Colorado, who was a “nationally recognized expert in the field of legal accounting” as a legal consultant. The professor was admitted to practice law in Illinois, but not in Colorado, where the suit was tried. When it came time for the court to apportion fees and costs, the law firms requested that the professor be compensated at an agreed upon rate. The bankruptcy trustee, however, objected, arguing that the professor had engaged in the unauthorized practice of law in Colorado. The trustee relied on letters which “showed the law firms had not employed [the professor] as a consultant, law clerk or paralegal, but rather ‘at all times ... as a practicing lawyer a fortiori, in the area of his specialty, the liability of accountants.’ ” Dietrich, 596 F.2d at 423. While the district court sustained the trustee’s objection, the Tenth Circuit reversed, holding that the professor “was entitled to be treated as a lawyer whose services ... did not constitute the unauthorized practice of law.” Id. at 426. It explained:
Is what [the professor] did, providing services in the field of his legal expertise to or through established law firms, with no court appearances as an attorney, the practice of law in Colorado? The cases and ethics opinions we have seen have involved either court appearances as counsel for private clients or the rendering of legal services directly to a client who was not a lawyer or law firm authorized to practice in the jurisdiction. Law firms have always hired unlicensed student law clerks, paralegals and persons who have completed their legal education but are awaiting admission to the bar, before or after taking a bar examination or fulfilling residency requirements. Virtually every lawyer has served in such a situation and performed services to or through other attorneys for some period prior to his or her own admission to practice in the state where such services were rendered. No one *418 has treated this activity as the unauthorized practice of law, because the licensed attorneys alone remain responsible to the clients, there are no court appearances as attorney, and no holding out of the unlicensed person as an independent giver of legal advice.
Id. (citing Spanos v. Skouras Theatres Corp., 364 F.2d 161, 169 (2d Cir.1966)). Quoting an American Bar Association ethics opinion, the court continued:
Of course, only the individuals permitted by the laws of their respective states to practice law there would be permitted to do the acts defined by the state as the practice of law in that state, but there are no ethical barriers to carrying on the practice by such a firm in each state so long as the particular person admitted in that state is the person who, on behalf of the firm, vouched for the work of all of the others and, with the client and in the courts, did the legal acts defined by that state as the practice of law.

The important requirement in this respect is simply that the local man must be admitted in the state and must have the ability to make, and be responsible for making, decisions for the lawyer group.

Id. (emphasis modified).
The ■ court thus announced a commonsense rule: there is no unauthorized practice of law when “an individual trained in the law acts as a filter between [an] unlicensed person ... and the lay client, adding and exercising independent professional judgment, and, importantly, is an officer of the local court subject to its discipline.” Id. McChesney “acted as a filter” between the plaintiffs and Martin and Naides, the nonadmitted Social Security specialists, with the result that their brief-writing assistance was likewise permissible. See D.S.C. Civ. R. 83.1.04 (requiring that parties be represented by “at least one member of the Bar of this Court who shall sign each pleading”).
While it may be unjust to compensate individuals who, without proper licensure, directly represent clients and, on their behalf, file papers and appear before the court, there is nothing inequitable or “unclean” about the supporting role that Martin and Naides actually played in these cases. See Dietrich, 596 F.2d at 426. Their purported violations, if any, of the local rules would be quite thin and, at most, of a technical nature. Moreover, Martin and Naides would have been largely without notice that their actions violated the local rules. Accordingly, the doctrine of “unclean hands” is not supportable, and the nature of Martin and Naides’ work cannot be a special circumstance making the EAJA award for their work unjust in these cases.
Because the EAJA provides reimbursement for fees incurred by persons, whether licensed attorneys or not, we believe that the district court must reconsider the fees of Martin and Naides. To be sure, it could choose to treat them as nonattorneys who provided support to McChesney, similar in nature to the work performed by other nonadmitted attorneys, such as law clerks or paralegals. Surely if Martin and Naides were summer associates in McChesney’s operation, not admitted to practice, their time would be billable to clients and reimbursable under the EAJA. In refusing to consider their work at least on this basis, we conclude that the district court relied on a mistaken interpretation of the EAJA and therefore abused its discretion. Accordingly, we vacate the district court’s orders in these cases and remand for reconsideration of plaintiffs’ motions for reimbursement of fees and expenses. The court should take the work of Martin and *419 Naides at least as the work of nonattorneys who provided McChesney support in writing briefs. But it is also free to take their work as falling in the class of attorney work for which admission to the district court might not be necessary.
In calculating any fee awards for the work performed by Martin and Naides, the district court should determine the prevailing market rate for services of the kind provided by them, based on their training, skill, and experience; provided that in no event may this rate be less than the rate traditionally used for summer associates, paralegals, and other nonattorneys performing legal work. See Chertojf, 553 U.S. at 581, 128 S.Ct. 2007; 28 U.S.C. § 2412(d)(2)(A).
Ill
Plaintiffs also contend that in Davis, No. 10-1176, the district court abused its discretion when it reduced the rate at which McChesney was compensated for travel time. Plaintiffs acknowledge that rate reductions are legitimate when an attorney voluntarily chooses to serve remotely located clients. But they claim that in this case, McChesney’s travel was necessitated by factors out of his control. Specifically, “[i]n the District of South Carolina, Social Security cases are assigned in rotation to judges and divisions throughout the State, without regard to the jurisdiction in which the plaintiff resides.” Because this rotation scheme was the cause of McChesney’s travel, the plaintiffs argue that it was unreasonable to treat it as voluntary and thus subject to a lower rate. While the argument might be a legitimate one to make to the district court, the court, nonetheless, had broad discretion when ruling on fee requests brought under the EAJA to weigh that argument along with others. See United, States v. Cox, 575 F.3d 352, 358-59 (4th Cir.2009). We cannot conclude that, in the circumstances here, the district court’s adjustments of fees for travel time was an abuse of discretion. See Cooper v. United States R.R. Retirement Bd., 24 F.3d 1414, 1417 (D.C.Cir.1994) (compensating travel time at a reduced rate).
In view of our determination to remand these cases for an award for fees charged by Martin and Naides, we do not reach the plaintiffs’ other arguments challenging the district court’s analysis and application of the “special circumstances” exception to fee awards under the EAJA.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS

 The Commissioner has opposed fees for Martin and Naides in numerous other cases in the District of South Carolina, based on their nonadmission to the bar. In a number of cases, the district judge allowed fee reimbursement in the case before the court but indicated that the out-of-state attorneys should request pro hac vice admission in future cases. See, e.g., Tadlock v. Astrue, No. 8:06-cv-3610 (D.S.C. Apr. 9, 2009); Freeman v. Astrue, No. 0:06-cv-2255 (D.S.C. July 24, 2008). In another case, the district judge rejected the Commissioner’s argument but recommended pro hac vice admission in future cases "[t]o avoid confusion over this issue.” Pace v. Astrue, 9:07-cv-546 (D.S.C. May 9, 2008). In still other cases, the district judge characterized the Commissioner's argument as completely unjustified. See, e.g., Stisser v. Astrue, No. 3:07-3032 (D.S.C. Mar. 24, 2009); Clowney v. Astrue, No. 8:07-cv-856 (D.S.C. Sept. 15, 2008).