John Allen ZECH, Plaintiff-Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.

No. 16-11292

Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(February 23, 2017)

Howard D. Olinsky, Michelle Fecio, Olinsky & Shurtliff, Syracuse, NY, Suzanne Harris, Harris & Helwig, PA, Lakeland, FL, for Plaintiff-Appellant

Richard Harrison Winters, Jerome M. Albanese, Christopher Gene Harris, William Lawrence Hogan, Stephanie Catherine Johnson, Depak Sathy, Jill A. Sausser, Mary Ann Sloan, Susan Kelm Story, Social Security Administration, Office of the General Counsel, Atlanta, GA, Wifredo A. Ferrer, Emily M. Smachetti, Charles S. White, U.S. Attorney's Office, Miami, FL, for Defendant-Appellee

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

John Zech appeals the magistrate judge's award of attorney's fees under the Equal Access to Justice Act ("EAJA") after his successful appeal of the denial of his application for disability insurance benefits and supplemental security income. On appeal, Zech argues that the district court abused its discretion when it compensated him for the work of two non-admitted attorneys, Howard Olinsky and Paul Eaglin, at the paralegal hourly rate. Alternatively, Zech argues that the district court abused its discretion by not allowing Olinsky and Eaglin to move *nunc pro tunc* for admission *pro hac vice* before it ruled on his EAJA motion.

We review the district court's decision of whether to award attorney's fees under the EAJA, as well as the amount of such fees, for an abuse of discretion. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). An abuse of discretion occurs where the district court fails to apply the proper legal standard, fails to follow proper procedures in making its determination, or bases an award upon clearly erroneous findings of fact. *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010). This standard usually implies a range of choices, and we will affirm even if we would have decided the matter the other way. *Id.*

The EAJA provides that "a court shall award to a prevailing party, other than the United States, fees and other expenses, in addition to any costs awarded ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

While we have never addressed whether a district court can reduce EAJA fees for attorneys who are not members of that court's bar and did not move for admission *pro hac vice*, another circuit has. In *Priestley v. Astrue*, the Fourth Circuit held that the EAJA authorizes plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice in the district or not. *Priestley v. Astrue*, 651 F.3d 410, 413 (4th Cir. 2011). Specifically, using non-admitted attorneys

for brief writing services did not constitute a special circumstance sufficient to deny a fee award as unjust. *Id.* However, while these non-admitted attorneys were entitled to compensation, the district court retained discretion to treat their work as that of: (1) non-attorneys providing support; or (2) work falling in the class of attorney work for which admission to the court might not be necessary. *Id.* at 418-19. A plaintiff was entitled to reimbursement at no less than the rate traditionally used for non-attorneys performing legal work. *Id.* at 419.

A district court may adopt local rules governing its practice, provided they are consistent with federal law and the federal rules of procedure, evidence, and bankruptcy. Fed. R. Civ. P. 83(a). "A district court is the 'best judge of its own rules.'" *Clark v. Housing Auth. of Alma,* 971 F.2d 723, 727 (11th Cir. 1992) (citation omitted). We give "great deference to a district court's interpretation of its local rules" and review a district court's application of local rules for an abuse of discretion. *Id.*

Southern District of Florida Special Rule 4(a) provides that only members of the district court's bar may appear as attorneys in court, unless the court permits them to appear *pro hac vice.* S.D. Fla. S.R. 4(a). A non-admitted attorney may, upon the submission of a written application by counsel admitted to practice in the district, obtain permission to appear *pro hac vice,* and participate in a particular case. S.D. Fla. S.R. 4(b)(1). Southern District of Florida Local Rule 11.1(d) states that an attorney must enter an appearance when they: (1) file any pleading, unless otherwise specified; or (2) represent a witness in any civil action or criminal proceeding. S.D. Fla. L.R. 11.1(d).

■ The district court did not abuse its discretion by compensating Olinsky and Eaglin at the paralegal hourly rate. Zech, as the prevailing party in his Social Securi-ty appeal, was entitled to an award of counsel fees. *See* 28 U.S.C. § 2412(d)(1)(A). However, both Olinsky and Eaglin worked on Zech's case without moving for admission *pro hac vice,* and thus were not admitted to appear and participate in the case. *See* S.D. Fla. S.R. 4(b)(1). The magistrate judge's decision to compensate this work at the paralegal hourly rate, such that admission in the case was not required, was not an abuse of discretion, because his decision represented an interpretation of the EAJA that was silent as to such a situation. *See Bostic,* 613 F.3d at 1039. Moreover, while the magistrate judge was not required to award compensation in this manner, his decision represented one choice in a range of permissible options that he was free to choose from. *Id.*

*Priestly,* while persuasive authority only, supports the magistrate judge's decision, because the Fourth Circuit gave its district courts: (1) discretion as to how it compensated non-admitted attorneys for the services they performed; and (2) the ability to treat the work of a non-admitted attorney like that of a non-attorney. *See Priestley,* 651 F.3d at 416, 418-19. Here, the magistrate judge chose to treat their work as compensable at the rate of a paralegal. Therefore, the district court did not abuse its discretion in compensating Olinsky and Eaglin for their services at the paralegal rate, and we accordingly affirm in this respect.

■ The district court did not abuse its discretion by not affording Olinsky and Eaglin an opportunity to move *nunc pro tunc* for admission *pro hac vice* before ruling on Zech's EAJA motion and reducing the amount of attorney fees. The Commissioner put Zech on notice when she asked the court to compensate Olinsky and Eaglin at the paralegal rate for their failure to move for admission *pro hac vice.* Despite this, Olinsky and Eaglin failed to

move for admission. While the magistrate judge could have allowed them to seek admission, he was not required to do so, as it represented one choice in a range of permissible options available to him. *See Bostic*, 613 F.3d at 1039. Accordingly, because the district court did not abuse its discretion, we affirm.

**AFFIRMED.**