[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11417
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00166-JRH-BKE

LEE A. CALLAWAY,

Plaintiff-Appellant,

versus

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

No. 19-11946
Non-Argument Calendar
_____

D.C. Docket No.  1:17-cv-00113-JRH-BKE

GLENDA HEARD,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(March 10, 2020)

Before ROSENBAUM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Lee Callaway and Glenda Heard challenge the amount of attorney's fees the district court awarded them under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. They argue that the court abused its discretion by reducing the fees for two non-admitted attorneys, Perrie Naides and Denise Sarnoff, to an hourly rate for paralegal services. Alternatively, they argue that the court, in selecting $75 per hour as the market rate for these services, erred by failing to consider their undisputed evidence of a higher market rate.

**I.**

Callaway and Heard filed claims for disability benefits with the Social Security Administration, which denied the claims. They appealed to the district court and successfully challenged the agency's rulings. As prevailing parties, they

2

then filed motions for fees and expenses under the EAJA.  Callaway sought fees in the amount of $11,802.31 based on 61.40 hours of representation; Heard in the amount of $9,074.54 based on 45.42 hours.

As support for the motions, the claimants included the affidavits of their attorneys, Charles Martin and Michel Phillips of the law firm Martin & Jones[1], as well as the affidavits of attorneys who provided brief-writing services in support of lead counsel Martin.  Perrie Naides, a professor of legal analysis and writing who was associated with Martin and Jones but not admitted to practice law in Georgia, swore that she spent 46.25 hours providing brief-writing services in Callaway's case. Denise Sarnoff, an out-of-state attorney with extensive private-practice experience in Social Security cases who was not admitted to practice in Georgia, swore that she spent 35.17 hours providing brief-writing services in Heard's case.  Naides's and Sarnoff's involvement in these cases was limited to drafting initial and reply briefs for Martin, who reviewed, revised, signed, and filed the documents.  Under his signature block on these filings, Martin noted that Naides and Sarnoff had participated "[o]n the brief" as "[o]f counsel to Martin and Jones."

The Commissioner of Social Security opposed the motions for fees with respect to Naides and Sarnoff, arguing that "the time spent by an attorney who is not

---

[1] Now Martin, Jones, & Piemonte.

3

admitted to practice before the Court should not be compensated at an attorney rate, but at the customary rate in this district for paralegals." The claimants replied that these attorneys should be compensated at the attorney rate because the hourly rate for EAJA fees is based on the market rate for the services provided. And the market rate for the services provided by Naides and Sarnoff, according to the claimants, exceeded EAJA's fees cap. The claimants also disputed the Commissioner's contentions that Naides's and Sarnoff's participation violated local rules and that their compliance with local rules was relevant to the fee award.

By separate reports in each of the cases, a magistrate judge recommended granting the fees motions in part and reducing the rate of compensation for Naides and Sarnoff to the paralegal rate.[2] The magistrate judge stated that, as a matter of discretion under the EAJA, Naides and Sarnoff should not be treated as attorneys for the fees requests because they were "not admitted to practice law in this District, not licensed to practice law in Georgia, and not admitted *pro hac vice*." Instead, according to the magistrate judge, these attorneys were essentially serving in the role of paralegals and so were entitled to payment at a paralegal rate. The magistrate

[2] Callaway's case took a brief detour. The magistrate judge originally entered a final order on the fees motion, despite the absence of consent to jurisdiction by the magistrate judge. Callaway then moved to vacate the order on several grounds, including that the magistrate judge lacked jurisdiction to decide the motion. The district court agreed, vacated the order, and treated it as a report and recommendation. We pick up the proceeding at that point.

judge found that a rate of $75 per hour for paralegal services was reasonable in the Northern District of Georgia, citing district-court decisions in other cases.

The claimants filed objections, arguing that the magistrate judge improperly used a paralegal rate and failed to follow proper procedures when determining the market rate of $75 per hour. In particular, the claimants alleged that no record evidence either supported the market rate of $75 per hour or contradicted their market-rate evidence.

The district court overruled the claimants' objections and adopted the magistrate judge's recommendations that Naides's and Sarnoff's time was properly reimbursed at the hourly rate of $75. These appeals followed, and they have been consolidated for review.

## II.

We review the district court's award of attorney's fees under the EAJA for an abuse of discretion. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The abuse-of-discretion standard allows the district court a range of choice, so long as the court applies the correct legal standard, follows proper procedures, and does not rely on clearly erroneous facts. *Fed. Trade Comm'n v. WV Universal Mgmt., LLC*, 877 F.3d 1234, 1239 (11th Cir. 2017); *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280 (11th Cir. 2010). We review a district court's determination of the market rate for

5

services for clear error. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (addressing fee awards under 42 U.S.C. § 1973*l*(e)).

Under the EAJA, a Social Security claimant who successfully challenges the agency's decision in federal court is eligible to recover reasonable "fees and other expenses . . . incurred by that party" in maintaining the lawsuit. 28 U.S.C. § 2412(d)(1)(A); *see Meyer*, 958 F.3d at 1032–33. Reasonable attorney's fees under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a statutory cap. 28 U.S.C. § 2412(d)(2)(A). In addition, paralegal fees are recoverable as attorney's fees "at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 589–90 (2008).

To calculate the amount of EAJA fees for legal services, the district court must "determine the market rate for similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." *Meyer*, 958 F.2d at 1033 (quotation marks omitted). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). We generally expect that there will be "a range in prevailing market rates," which accounts for differences in "experience, skill and reputation." *Id.* at 1300. "It is the job of the district court in a given case to interpolate the reasonable rate based on an analysis of the skills . . . which were exhibited by the attorney in the case at bar." *Id.* at 1301.

6

To facilitate meaningful review, the court must "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* at 1304.

Where it is difficult to establish a prevailing market rate directly, the fee rate may be determined by looking to analogous services. *Id.* at 1300. Additionally, where there is inadequate evidence, the district court is considered an expert on the question of reasonable fees and can consider its own knowledge and experience without additional pleadings or a hearing. *Id.* at 1303. And "no additional evidentiary hearing or pleadings are required where fee counsel fails to provide evidence on some factor which it contends the court ought to take into account." *Id.*

**III.**

In their consolidated brief on appeal, Callaway and Heard argue that the district court abused its discretion in awarding compensation for Naides's and Sarnoff's services at a paralegal rate by relying solely on the fact that they were not locally admitted and by disregarding uncontradicted evidence of the market rate for their services.

We have not addressed in a published decision whether a district court can reduce EAJA fees for attorneys who are not members of that court's bar and did not move for admission *pro hac vice*. Another circuit has, however. In *Priestley v. Astrue*, the Fourth Circuit reversed a district court's denial of EAJA fees for Naides and Martin, who had worked on the district-court briefs in a Social Security case but

7

were not admitted to practice in that court. 651 F.3d 410, 412–13, 419 (4th Cir. 2011). The Court held that the use of non-admitted lawyers for brief-writing services did not justify denying an EAJA award for those services. *Id.* at 413. However, while these non-admitted attorneys were entitled to compensation, the Fourth Circuit reasoned, the district court retained discretion to treat their work as (1) that of "nonattorneys who provided support to [lead counsel], similar in nature to the work performed by other nonadmitted attorneys, such as law clerks or paralegals"; or (2) "falling in the class of attorney work for which admission to the district court might not be necessary." *Id.* at 418–19. The Fourth Circuit directed the district court on remand to "determine the prevailing market rate for services of the kind provided by them, based on their training, skill, and experience."[3] *Id.* at 419.

We find *Priestley* persuasive and conclude that it was not an abuse of discretion for the district court here to compensate Naides and Sarnoff at an hourly rate for paralegal services. It's undisputed that Callaway and Heard were prevailing parties in their Social Security appeals and so were entitled to an award of attorney's fees "based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(1)(A), (2)(A). However, it's also undisputed that

---

[3] On remand, the district court awarded fees "at a rate appropriate for experienced brief writing attorneys," which was the same rate awarded for a locally admitted attorney. *Priestley v. Astrue*, No. 6:08 cv 00546-GRA, Doc. 56 at 4 (D.S.C. Nov. 3, 2011).

Naides and Sarnoff were not admitted to appear and participate in the cases.[4]  Rather, these attorneys provided brief-writing services to lead counsel, Martin, who reviewed, revised, and filed the briefs.  The district court reasonably concluded that "the kind . . . of the services furnished," *id.*, was "similar in nature to the work performed by other nonadmitted attorneys, such as law clerks or paralegals," *Priestley*, 651 F.3d at 418 (emphasis added).  The court was not required to do that, *see id.*, but the abuse-of-discretion standard allows for a range of choice, *see Norelus*, 628 F.3d at 1280.  And we cannot say it was an abuse of discretion to treat Naides's and Sarnoff's work as compensable at prevailing market rates for paralegal services.

Of course, we agree with the claimants that the district court was required to determine the prevailing market rates for Naides's and Sarnoff's services based on their training, skill, and experience.  And on this point we believe the district court, in adopting the magistrate judge's recommendations, failed to adequately explain its finding that the market rate was $75 per hour.  *See Norman*, 836 F.2d at 1304 ("The court's order on attorney's fees must allow meaningful review—the district court

---

[4] The local rules for the Southern District of Georgia require that all filings be signed by at least one attorney of record, and the person who signs a filing is deemed to have entered an appearance, unless otherwise specified.  S.D. Ga. R. 11.1, 83.6(a).  Attorneys who reside outside the district "may be permitted to appear and participate in a particular case . . . with the prior approval of [the district court]" if they comply with certain conditions.  S.D. Ga. R. 83.4(b).  A person who has not been admitted but who exercises "any of the privileges" of admission may be disciplined.  S.D. Ga. R. 83.5.

9

must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.").

The district court stated, "In this Circuit, a $75.00 hourly rate for paralegal services has been found reasonable," citing other district-court decisions which found that rate to be reasonable. However, "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." *Dillard*, 213 F.3d at 1354–55. And we generally expect that there will be a "range in prevailing market rates" to account for differences in "experience, skill and reputation." *Norman*, 836 F.2d at 1300. The claimants here presented evidence relevant to that analysis in support of their fees motions. But the court offered no explanation or analysis that $75 per hour was a reasonable rate based on Naides's and Sarnoff's training, skill, and experience. *See Meyer*, 958 F.2d at 1033; *Norman*, 836 F.2d at 1301 ("It is the job of the district court in a given case to interpolate the reasonable rate based on an analysis of the skills . . . which were exhibited by the attorney in the case at bar.").

Because the district court's decision does not allow for meaningful review, we vacate in part and remand for further proceedings consistent with this opinion.

**AFFFIRMED IN PART; VACATED AND REMANDED IN PART.**