[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11967
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cv-00094-RGV

LAMAR WALKER,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

No. 20-11981
Non-Argument Calendar

_____

D.C. Docket No.  1:14-cv-02575-RGV

EDDIE A. MAYNER,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(January 22, 2021)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Lamar Walker and Eddie A. Mayner challenge the amount of attorney's fees awarded them pursuant to 42 U.S.C. § 406(b). They argue that the magistrate judge abused his discretion by relying exclusively on the lodestar method to determine that the contingent-fee agreements in their cases were unreasonable, awarding an hourly paralegal rate for work done by attorneys not admitted to practice in the district, and using an insufficient multiplier to calculate reasonable attorney's fees. After careful review, we affirm.

## I.

Walker and Mayner filed claims for disability benefits with the Social Security Administration, which denied the claims. They appealed to the district court and successfully challenged the agency's rulings. As prevailing parties, they moved for attorney's fees under 42 U.S.C. § 406(b). Walker sought fees in the amount of $19,000 based on 22.4 hours of representation, and Mayner sought fees in the amount of $24,545.25 based on 45.2 hours of representation.[1]

Both claimants asserted that they had entered into fee agreements with counsel that provided for a reasonable fee for services in court, not to exceed twenty-five percent of the claimant's past-due benefits. Walker was awarded past-due benefits of at least $117,115, twenty-five percent of which was $29,278.75. Mayner was awarded past-due benefits of at least $196,362, twenty-five percent of which was $49,090.50.

As support for the motions, the claimants included the affidavits of the lead counsel on their cases, Charles Martin of the law firm Martin, Jones, & Piemonte, as well as the affidavits of attorneys who provided brief-writing services in support of Martin. For Walker's case, Martin provided 7.25 hours of services and Denise

---

[1] The district court had previously granted attorney's fees awards of $4,202 in Walker's case and $8,133.13 in Mayner's pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). Both claimants stated that counsel would refund the earlier fees if granted the larger amounts under § 406(b).

3

Sarnoff, an out-of-state attorney with extensive private-practice experience in Social Security cases who was not admitted to practice in Georgia, provided 15.15 hours of brief-writing services. For Mayner's case, Martin provided 7.45 hours of services and Perrie Naides, a professor of legal analysis and writing who was associated with Martin, Jones, & Piemonte, provided 37.75 hours of brief-writing services.

In both cases, the claimants attached affidavits from other attorneys who estimated the value of an attorney with experience similar to that of Sarnoff or Naides to be between $325 and $450 per hour. Both claimants argued that neither § 406(b) nor the court's local rules limited the award of fees to attorneys admitted to practice before the court.

Both claimants argued that, because counsel provided services on a contingent basis, the fee should be significantly higher than if they had charged for services on an hourly non-contingent basis, to compensate for the risk of an unsuccessful outcome. They argued that a multiplier of 3.0 would be reasonable to compensate for the risk.

The Commissioner of Social Security ("Commissioner") did not oppose the amount of fees sought in either case.

4

## II.

In both cases, a magistrate judge[2] issued an initial order stating that he would refrain from ruling on the motions for attorney's fees and allow Martin fourteen days to seek *pro hac vice* admission of the non-admitted attorneys. The magistrate judge noted that § 406(b) referred to "representation before the court by an attorney" and that he had ruled in other cases that the statute did not authorize the award of attorney's fees for work performed by non-resident attorneys who were not members of the Georgia Bar and had not been admitted *pro hac vice* because they had not represented a claimant "before the court." The magistrate judge explained that the local rules specifically provided that a non-resident attorney who was not an active member of the Georgia Bar was required to seek *pro hac vice* admission to practice in a particular case in which she would "apply for fees . . . or otherwise substantially participate in preparing or presenting a case."

Martin responded that he would not seek *pro hac vice* admission for Sarnoff or Naides. Martin explained that he represented numerous individuals in the Northern District of Georgia each year, *pro hac vice* admission was never intended for regular and routine practice, and he did not believe the court would permit its repeated use.

---

[2] In both cases, the parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c). The same magistrate judge presided over both cases.

The magistrate judge issued orders granting in part and denying in part the claimants' motions for attorneys' fees.  In both cases, the magistrate judge found that Martin was the only attorney who had represented the claimant before the court.  The magistrate judge noted that the district court's local rule governing *pro hac vice* admission did not impose a numerical limitation and that, in other Social Security cases, such admissions had been approved repeatedly for non-resident attorneys.  Because Sarnoff and Naides had not represented the claimants before the court, the magistrate judge declined to award attorney's fees for their work under § 406(b) and decided, instead, to apply a paralegal rate.  Finding that the claimants had not submitted evidence of the paralegal rate in Georgia, the magistrate judge looked instead to other district-court cases that identified the market paralegal billing rate in Georgia as $128 per hour and found rates of $75 and $125 per hour to be reasonable, to Sarnoff's and Naides's training, skill, and experience, and to their work in the instant cases.  The magistrate judge found that $125 per hour was a reasonable rate.

As to Walker, the magistrate judge found that Martin's request of $19,000 in fees, where Martin spent 7.25 hours on the case, was not reasonable because it yielded an effective hourly rate of $2,620.68.  The magistrate judge determined that the use of a multiplier to arrive at a reasonable fee was appropriate, as adding the hourly rates of Martin and Sarnoff yielded a total of $4,975, which was too low,

6

given their efforts and the results of the case.  The magistrate judge surveyed several cases from district courts within this Circuit.  Among these was a case that cited *Hayes v. Sec'y of Health & Human Servs.*, 923 F.3d 418 (6th Cir. 1990), which concluded that a multiplier of 2 was appropriate.  Ultimately, the magistrate judge found that a multiplier of 2.5, which was the most common multiplier he had found to be used within this Circuit, was reasonable in Walker's case and awarded attorney's fees in the amount of $12,437.50.

As to Mayner, the magistrate judge determined that Martin's request of $24,545.25 in fees, where Martin spent 7.45 hours on the case, was not reasonable because it yielded an effective hourly rate of $3,294.66.  The magistrate judge again surveyed other district court cases and found that a multiplier of 2.5 was reasonable.  Taking into account Martin's hours as an attorney and Naides's hours at the paralegal rate, the magistrate judge awarded attorney's fees in the amount of $19,712.50.

These appeals followed, and they have been consolidated for review.

### III.

We review the district court's award of attorney's fees for an abuse of discretion.  *See Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (reviewing an award under the EAJA); *Gisbrecht v. Barnhart*, 535 U.S. 789,808 (2002) (explaining that the district court's determination under § 406(b) "qualif[ies] for highly respectful review").  A district court abuses its discretion when it fails to apply

7

the proper legal standard, follows an improper procedure in making the determination, or bases an award upon findings of fact that are clearly erroneous. *Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 978 (11th Cir. 2016).

> 42 U.S.C. § 406(b)(1)(A) provides,
>
> Whenever a court renders a judgment favorable to a [Social Security] claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In *Gisbrecht*, the Supreme Court resolved a circuit split about the method for determining "reasonable" attorney's fees under § 406(b). *Gisbrecht*, 535 U.S. at 799. The Court first considered the "lodestar calculation" method, which involves awarding fees based on "hours reasonably spent on the case times reasonable hourly rate," and explicitly rejected this method. *Id.* at 792-93, 802.

*Gisbrecht* held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Rather, the Court explained, contingent-fee agreements are "presumptively reasonable," but "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 792. The Court said that courts could "appropriately reduce[] the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. Relevant

8

here, a court could reduce a windfall fee award if "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.*

The Local Rules for the Northern District of Georgia provide that, absent certain exceptions,

> an attorney must be admitted in any case in which the attorney will appear in this Court on behalf of a party, apply for fees, sign his or her name to a document filed with the Court, or otherwise substantially participate in preparing or presenting a case. This requirement does not mean that every attorney within a law firm providing legal services that may be included in a fee request must be admitted *pro hac vice* so long as attorneys within the firm who have appeared in the case are directing that work and are either (1) admitted to the bar of this Court as regular members or (2) have been admitted *pro hac vice* in the particular case.

N.D. Ga. L.R. 83.1(B)(1).

## IV.

On appeal, the claimants argue first that the magistrate judge abused his discretion by rejecting the contingent-fee agreements as unreasonable. They contend that the magistrate judge improperly used the lodestar method to determine the reasonableness of the agreements instead of presuming them to be reasonable and evaluating them under all the factors identified by the Supreme Court in *Gisbrecht*. In addition, they assert that the magistrate judge improperly excluded Naides's and Sarnoff's hours when it determined the reasonableness of the contingent-fee agreements. In the claimants' view, the "before the court" language in § 406(b) does not limit the recovery of attorney's fees to attorneys who personally

9

appear.  And, the claimants urge, they followed the local rules because Martin, who appeared before the court, directed the work of Sarnoff and Naides, who did not.

Next, the claimants argue that the magistrate judge abused his discretion in setting a reasonable fee.  According to the claimants, the magistrate judge disregarded their evidence of the market rates of Sarnoff's and Naides's services and improperly awarded a paralegal rate.  Further, the claimants contend that the magistrate judge erred by relying on *Hayes*, a pre-*Gisbrecht* decision that exclusively applied the lodestar method, in deciding to use a 2.5 risk-of-loss multiplier.  We address these arguments in turn.

## V.

The magistrate judge did not abuse his discretion by rejecting the contingent-fee agreements as unreasonable.  First, *Gisbrecht* explicitly provides that a windfall to the attorney is an independent reason for a district court to find a fee agreement unreasonable.  *See Gisbrecht*, 535 U.S. at 808.  Thus, the magistrate judge's determination that the requested amounts represented a windfall for the number of hours Martin worked on each case was a reasonableness determination under *Gisbrecht*, not an improper lodestar analysis.  Second, it was reasonable for the magistrate judge to base this calculation on Martin's hours alone, as the magistrate judge looked to the character of Sarnoff's and Naides's services in light of the district

10

court's local rules to determine that only Martin had represented the claimants "before the court."

We have not addressed in a published opinion whether the phrase "represented before the court by an attorney" in § 406(b) limits the district court's award of fees to attorneys who are admitted to practice before it or admitted *pro hac vice*. But despite the claimants' arguments to the contrary, the question here is not so broad. Rather, the question here is whether the magistrate judge abused his discretion in finding that the Northern District of Georgia's local rules limited his authority in this way. We conclude that the magistrate judge did not abuse his discretion. *See Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 727 (11th Cir. 1992) (We accord "great deference to a district court's interpretation of its local rules."). The claimants' main argument is that § 406(b) allows for the award of attorney's fees for non-administrative work done by attorneys outside of court. The magistrate judge concluded that the local rules require attorneys who seek fees under § 406(b), and who performed a substantial amount of work in the case, to be authorized to practice in the Northern District of Georgia. We see no inconsistency between these positions.

We are also not persuaded by the claimants' argument that affirming the magistrate judge's decision would discourage qualified representation of Social Security claimants in the future. The magistrate judge explained the local rules to

Martin at length and provided him two weeks to comply. There is no indication that, had Sarnoff and Naides applied for *pro hac vice* admission, the magistrate judge would not have determined the agreements to be reasonable and awarded the full amounts requested. It is hard to see a deterrent effect flowing from the procedure that the magistrate judge followed.

In these cases, however, Martin declined the magistrate judge's invitation to cure the deficiency. Thus, by the local rules, he was the only attorney who had represented the claimants "before the court," and it was not an abuse of discretion for the magistrate judge to consider only Martin's hours when analyzing whether the contingent-fee agreements for "such representation" would be windfalls. *See* 42 U.S.C. § 406(b); *Gisbrecht*, 535 U.S. at 808.

## VI.

Having established that the magistrate judge did not abuse his discretion in rejecting the contingent-fee agreements, we turn to the calculation of the reduced fee awards. We conclude that the magistrate judge did not abuse his discretion in determining the rate for Sarnoff and Naides's representation or in choosing a multiplier of 2.5.

## A.

The magistrate judge did not abuse his discretion in determining that $125 per hour was a reasonable market rate for the work performed by Sarnoff and Naides.

The claimants argue that it was improper for the magistrate judge to treat Sarnoff and Naides as paralegals. But as we have explained, the magistrate judge did not abuse his discretion in determining that, under the local rules, Martin was the only attorney who appeared "before the court." The magistrate judge considered the nature of Sarnoff's and Naides's work for Martin and found that their work was comparable to that of a paralegal and could be compensated accordingly. This was within the magistrate judge's discretion. *Cf. Priestly v. Astrue*, 651 F.3d 410, 418-19 (4th Cir. 2011) (explaining that, for purposes of awarding fees under the EAJA, it would be within the district court's discretion to treat as paralegal work the work of non-admitted attorneys who provided support to lead counsel).

Because the magistrate judge found that the affidavits provided by Walker and Mayner did not provide any information about a reasonable hourly rate for paralegals in the Northern District of Georgia, it was not an abuse of discretion for the magistrate judge to turn to his own experience and to findings made by other district courts. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (holding that, when there is inadequate evidence of a prevailing market rate for a particular service, the district court is considered an expert on the question of reasonable fees and can consider its own knowledge and experience without additional pleadings or a hearing). But the magistrate judge also considered Sarnoff's and Naides's training, skills, and experiences as set out in their affidavits

13

and the character of the work they performed in the instant cases in determining that $125 was a reasonable rate.  In short, the magistrate judge gave principled reasons based on numerous factors, some specific to the region and some specific to the case. *See id.* at 1304.  The magistrate judge did not abuse his discretion by finding $125 per hour to be a reasonable paralegal rate in these cases.

## B.

Finally, the magistrate judge did not rely exclusively on the lodestar method in setting the ultimate fee awards.  Contrary to the claimants' argument, the magistrate judge did not rely on *Hayes* in reaching its multiplier of 2.5.  Rather, it tangentially mentioned *Hayes* while surveying various multipliers employed by district courts in this Circuit—and it did not choose the same multiplier, 2, used in that case.  Moreover, the magistrate judge's orders showed consideration of factors beyond the number of hours worked and the reasonable rates for those hours, including the nature of the work and the results achieved, in reaching the multiplier of 2.5 and the ultimate awards in these cases.

## VII.

For the reasons stated above, we conclude that the magistrate judge did not abuse his discretion by rejecting the contingent-fee agreements or in determining the reduced award amounts.  Accordingly, we affirm.

**AFFIRMED.**

14